UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON WARD,

        Plaintiff,

vs.                                  CASE NO.:

KENCO SIGN AND AWNING LLC,
d/b/a KENCO SIGNS, a Florida
Limited Liability Company, and
RAYMOND WEBB, Individually,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON WARD, by and through the undersigned attorney, sues the Defendants, KENCO SIGN AND AWNING LLC, a Florida Corporation, and RAYMOND WEBB, Individually, and alleges:

1. Plaintiff, JASON WARD, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiff, JASON WARD was an employee who worked at Defendants' property within the last three years in Volusia County, Florida.

3. Plaintiff, JASON WARD, worked for Defendants earning an hourly rate

1

of $19.00 per hour.

4. Plaintiff, JASON WARD, worked as a laborer/sign installer for Defendants.

5. Defendants classified Plaintiff, JASON WARD, as an independent contractor.

6. Plaintiff, JASON WARD, was misclassified by Defendants.

7. Plaintiff, JASON WARD, was directed by Defendants with almost every aspect of the work he performed.

8. At all times material to this cause of action, Plaintiff, JASON WARD, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

9. Defendant, KENCO SIGN AND AWNING LLC, is a Florida Limited Liability Corporation that operates and conducts business in Volusia County, Florida and is therefore, within the jurisdiction of this Court.

10. According to the Florida Division of Corporations, Defendant, KENCO SIGN AND AWNING LLC, lists its principal address as 1539 Garden Avenue, Holly Hill, Florida 32117.

11. According to its website, Defendant, KENCO SIGN AND AWNING LLC, provides electrical advertising services and installation. *See* www.Kenco2000Inc.com

12. At all times relevant to this action, RAYMOND WEBB was an individual resident of the State of Florida, who owned and operated KENCO SIGN AND AWNING LLC, and who regularly exercised the authority to: (a) hire and fire employees of KENCO SIGN AND AWNING LLC; (b) determine the work schedules for the employees of KENCO SIGN AND AWNING LLC, and (c) control the finances and operations of KENCO SIGN AND AWNING LLC. By virtue of having regularly exercised that authority on behalf of KENCO SIGN AND AWNING LLC, RAYMOND WEBB is/was an employer as defined by 29 U.S.C. § 201, et seq.

13. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

14. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

15. During Plaintiff's employment with Defendants, Defendant, KENCO SIGN AND AWNING LLC, earned more than $500,000.00 per year in gross sales.

16. Defendant, KENCO SIGN AND AWNING LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

17. During Plaintiff's employment, Defendant, KENCO SIGN AND

AWNING LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as awning materials, banners and banner material, physical pole/pylon, sign lettering, LED signs and components, neon lighting, vehicle wraps and vinyl and other tools/materials used to run the business. *See* www.Kenco2000Inc.com/products

18. Therefore, at all material times relevant to this action, Defendant, KENCO SIGN AND AWNING LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

19. Additionally, Plaintiff, JASON WARD, is individually covered under the FLSA by handling materials these materials that were from outside the state of Florida.

## FLSA Violations

20. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

21. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

22. Specifically, due to Defendants misclassifying Plaintiff as an independent contractor, any hours worked beyond forty (40) for the workweek were

paid at his regular hourly rate.

23. Plaintiff routinely worked in excess of forty (40) hours per week while employed by Defendants.

24. Plaintiff is entitled to the half-time premium for all hours worked in excess of forty (40) per week.

25. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above as though stated fully herein.

28. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

30. Plaintiff was paid his regular rate for all hours worked regardless of how many overtime hours were worked in the workweek.

31. Defendants have failed provide accurate overtime compensation for

numerous pay periods.

32. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

33. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

34. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JASON WARD demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ___1___ day of October, 2021

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor

P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email:     mgunter@forthepeople.com
Attorneys for Plaintiff